UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN STEVEN OLAUSEN,<br><br>　　　　　　Petitioner,<br>　v.<br>JAMES BENEDETTI, et al.,<br><br>　　　　　　Respondents. | Case No. 3:10-cv-00388-LRH-RAM<br><br>ORDER |

On August 10, 2010, the court dismissed petitioner John Steven Olausen's *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 as successive (ECF No. 4). Judgment was entered (ECF No. 6). Olausen filed a notice of appeal with the Ninth Circuit (ECF No. 7). On October 21, 2011, the court of appeals denied his request for a certificate of appealability (ECF No. 13).

More than four years later on November 20, 2015, Olausen filed a motion for recusal of district judge (ECF No. 14). Petitioner contends that the undersigned District Judge must recuse himself from this case and recall or nullify all prior orders by this judge because his son is now the District Attorney of Washoe County, Nevada.[1]

"In determining whether recusal is appropriate, the Court should look toward whether a reasonable person with the knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Moreover, any alleged bias or prejudice must have arisen from an

---

[1] The undersigned District Judge's son was elected District Attorney of Washoe County, Nevada, in November 2014 and took office in January 2015. At no time has he or his office appeared as counsel in this action.

1

extrajudicial source. *Id.* A party seeking to recuse a judge under 28 U.S.C. § 144 must submit a legally sufficient affidavit detailing the circumstances warranting recusal.

"An affidavit filed pursuant to that section is not legally sufficient unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." *U.S. v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

There have been no rulings in this case by this District Judge since February 7, 2011 (ECF No. 12), and there has been no further action taken on this case since the order of the Ninth Circuit denying a certificate of appealability on October 21, 2011 (ECF No. 13). Additionally, there are no matters presently pending before the court other than the instant motion. Most significantly, petitioner has not presented a sufficient affidavit or grounds to meet the standard for recusal or for a retroactive recall or nullification of the court's prior rulings in this action. Petitioner's motion for recusal of the undersigned is denied.

With regard to the court's prior rulings in 2010 and 2011, any challenge by petitioner would be utterly meritless. 28 U.S.C. § 2244(3)(A) provides: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." At the time that the court dismissed this petition as successive in 2010, it was at least Olausen's fourth successive petition filed without obtaining authorization of the Ninth Circuit (see ECF No. 18; 3:05-cv-00631-LRH-RAM; 3:06-cv-00069-PMP-VPC; 3:06-cv-00257-LRH-VPC). It is beyond question that Olausen's petition was correctly dismissed with prejudice as successive.

**IT IS THEREFORE ORDERED** that petitioner's motion for recusal of district judge (ECF No. 14) is **DENIED**.

DATED this 7th day of September, 2016.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE